UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERT WASHINGTON                                     **COMPLAINT**

    Plaintiff,

                                                                                           JURY TRIAL DEMANDED

CITY OF NEW YORK, ANDRE REYES,
JOHN & JANE DOE                                       **08 cv 10465 (HB)**
    Defendants.

-----------------------------------------------------------X

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for false arrest, malicious prosecution and other violations of Plaintiff's rights.

## THE PARTIES

2. Plaintiff is a resident of New York, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Defendant Reyes is an employee of the New York City Police Department.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7   On 12/24/07 between 2 and 3 AM, plaintiff was in downtown Manhattan, somewhere near the intersection of Gold and John Street, at which time, and prior to which for the entire

day, he was obeying all laws of the City and State of New York and of the United States. He had been at a Christmas party, and several people who were there were with him at the party.

8	Plaintiff was approached by Reyes, who apprehended him and from a distance of some twenty feet or more, in the dark, while plaintiff's face was partially obscured, defendant was held for an alleged victim of an attempted robbery who was asked (referring to plaintiff from said distance in said conditions), "Is this the guy?"

9	.Although the circumstances are unclear, upon information and belief, the victim assented to Reyes' suggestion.

10.	Plaintiff did not match the description of the attempted robbery perpetrator, and defendant had no cause to stop and include him in the show up. Even if he had, the show up was grossly tainted and a violation of plaintiff's constitutional rights

11.	Plaintiff was charged with attempted robbery, held in custody for approximately a week, released after no indictment was returned within the five-day window, and after six months, all charges were dismissed. The DA never had any evidence to indict.

12.	Plaintiff now sues for redress.

FIRST CAUSE OF ACTION
FALSE ARREST UNDER 42 U.S.C. § 1983

13	Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

15	Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

15	By virtue of the foregoing, Plaintiff has been damaged.

SECOND CAUSE OF ACTION
ILLEGAL STOP UNDER 42 U.S.C. § 1983

13	Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

14	Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

15	By virtue of the foregoing, Plaintiff has been damaged.

THIRD CAUSE OF ACTION
MALICIOUS PROSECUTION
42 U.S.C. § 1983

16.	Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

17.	Acting under color of state law, defendants brought charges against plaintiff without probable cause.

18.	As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

FOURTH CAUSE OF ACTION
FAILURE TO PROTECT PLAINTIFF'S RIGHTS
42 U.S.C. § 1983

19.	Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

20.	Defendant JOHN AND JANE DOE had a duty to intercede and prevent the illegal stop, search and arrest of plaintiff, but failed to do so.

21.	As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

**WHEREFORE,** Plaintiff demands as follows:

    A.	Compensatory damages;

    B.	Punitive damages to be determined by the trier of fact;

    C.	Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

      D.      Such other relief as the Court may deem just and proper.

Dated:      New York, New York
                December 6, 2008

                                                /s/
                                  GREGORY ANTOLLINO (GA 5950)
                                  Attorney for Plaintiff
                                  1123 Broadway, Suite 902
                                  New York, NY 10010
                                  (212) 334-7397